IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Brandi Poole, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No.   1:12-cv-1524 |
| National Enterprise Systems, Inc., an Ohio corporation, and Precision Recovery Analytics, Inc., a Texas corporation, ) ) ) ) ) ) | |
| Defendants. ) | <u>Jury Demanded</u> |

**COMPLAINT-- CLASS ACTION**

Plaintiff, Brandi Poole, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.  Plaintiff, Brandi Poole ("Poole"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendants attempted to collect a delinquent consumer debt, which she allegedly owed for a GE Money Bank/JC

Penney account.

4. Defendant, National Enterprise Systems, Inc. ("NES"), is an Ohio corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer debts. NES operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in the State of Indiana. In fact, NES was acting as a debt collector as to the debt it attempted to collect from Ms. Poole.

5. Defendant Precision Recovery Analytics, Inc. ("Precision"), is a Texas corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant Precision was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6. Defendants NES and Precision are each authorized to conduct business in the State of Indiana and maintain registered agents within the State of Indiana, see, records from the Indiana Secretary of State, attached as Group Exhibit A. In fact, both Defendants conduct substantial business in Indiana.

7. Defendants NES and Precision are each licensed as debt collection agencies in the State of Indiana, see, record from the Indiana Secretary of State, Securities Division, attached as Group Exhibit B. In fact, both Defendants act as collection agencies in Indiana.

**FACTUAL ALLEGATIONS**

8. Ms. Poole fell behind on paying her bills, including a debt she allegedly

owed for a GE Money Bank/JC Penney account.  At some point in time after that debt became delinquent, Defendants began trying to collect that debt from her by sending her an initial form collection letter, dated June 6, 2012, which stated that NES's "Client" was "PARAGON WAY, INC", that the "Original Creditor" was "GE Money Bank/JC Penney Consumer", but that the "Current Creditor" was "Precision Recovery Analytics, Inc."  No explanation was given as to any relationship between the various entities mentioned in the letter, or why or how Paragon and/or Precision were involved with the debt, or with each other.  A copy of this letter is attached as Exhibit C.

9. Paragon Way, however, is a defunct Texas corporation and no longer in business; the Texas Secretary of State's records show that Paragon Way, Inc. forfeited its existence on March 9, 2012, see, attached Exhibit D.

10. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

11. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Name Of The Creditor To Whom The Debt Is Owed

12. Plaintiff adopts and realleges ¶¶ 1-11.

13. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

14. Defendants' letter to Plaintiff failed to state the name of the current creditor effectively because the letter twice states that "Paragon Way" is the "client", however, it then goes on to state that the "Current Creditor" is Precision, but that the "Original Creditor" is GE Money Bank/JC Penney Consumer.  Without any explanation of what, if any, the relationship is between Paragon and Precision or between the "Current Creditor" and the "Client", a consumer would be confused as to whom the debt is owed. Thus, Defendants have failed to state effectively "the name of the creditor to whom the debt is owed".  See, Braatz v. Leading Edge Recovery Solutions, LLC, et al., 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. 2011); Walls v. United Collection Bureau, Inc, et al., 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. 2012).

15. Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
## Violation Of § 1692e
## False Statements

16. Plaintiff adopts and realleges ¶¶ 1-11.

17. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, see 15 U.S.C. § 1692e(2)(A).

18. Defendants, by claiming that a defunct Texas corporation, Paragon Way, was somehow involved with the collection of this debt, as NES's "client", made materially false statements, in connection with the collection of the debt, in violation of § 1692e of the FDCPA.

19. Defendants' violation of § 1692g of the FDCPA renders them liable for

statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

20. Plaintiff Poole brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a GE Money Bank/JC Penney account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

21. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Poole, in their attempts to collect delinquent consumer debts from other persons.

22. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same form collection letter they sent Plaintiff Poole.

23. Plaintiff Poole's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

24. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual

members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25. Plaintiff Poole will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Poole has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Brandi Poole, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Poole as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violate the FDCPA;

4. Enter judgment in favor of Plaintiff Poole and the Class, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Brandi Poole, individually and on behalf of all others similarly situated, demands trial by jury.

                                                  Brandi V. Poole, individually and on behalf of all others similarly situated,

                                                  By:/s/ David J. Philipps_____
                                                  One of Plaintiff's Attorneys

Dated: October 18, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com

Steven J. Halbert     (Ind. Bar No. 14254-02)
11805 N. Pennsylvania Street
AmeriCenters Building
Carmel, Indiana 46032
(317) 706-6762
(317) 706-6763 (FAX)
shalbertlaw@aol.com